Carlos Ernesto ESCOBAR–MORALES; et al., Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 06–72724.

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2007 *.

Filed July 19, 2007.

CAC—District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, THOMAS and BERZON, Circuit Judges.

## MEMORANDUM **

Carlos Escobar–Morales and his wife and daughter ("petitioners") are natives and citizens of Guatemala. They petition

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

pro se for review of the Board of Immigration Appeals' ("BIA") order, summarily affirming the Immigration Judge's ("IJ") denial of their application for asylum, withholding of removal and the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

Even assuming that petitioners are credible, substantial evidence supports the IJ's determination that the threats against the petitioners and other incidents failed to rise to the level of past persecution. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1153–54 (9th Cir.2005) (holding that two serious but ambiguous and anonymous threats combined with harassment and minor property damage insufficient to demonstrate well-founded fear). Substantial evidence also supports the IJ's determination that petitioners have no well-founded fear of future persecution, in light of her family's experience in Guatemala since her departure and current country conditions. *See id.* Accordingly, petitioners are not eligible for asylum.

Because petitioners failed to establish eligibility for asylum, they necessarily fail to demonstrate eligibility for withholding of removal. *See id.* at 1154.

Finally, substantial evidence supports the IJ's denial of CAT because the petitioners have not demonstrated that it is more likely than not that they will be tortured if returned to Guatemala. *See id.*

**PETITION FOR REVIEW DENIED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).